IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ZOSTAVAX<br>(ZOSTER VACCINE LIVE)<br>PRODUCTS LIABILITY LITIGATION | MDL No. 2848<br><br>CIVIL ACTION NO.: 2:18-md-02848-HB |

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| *James Amundson and Mona Amundson v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-01267 | *Lynn Garden v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-01272 |
| *Clinton Ashby and Kathleen Ashby v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv- 03003 | *Larry Giese and Rebecca Fitzpatrick v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-01274 |
| *Kirby Balthrop v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-01602 | *Sandra Grimmett and George Grimmett v. Merck & Co. Inc., et al.*,<br>Civil Action No. 2:21-cv-03005 |
| *James Bleyer v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:22-cv-01035 | *Edith Hagen v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-1275 |
| *Dorothea Booth v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-03927 | *Samuel Hamm v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-04341 |
| *Diane Bouffard v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-01600 | *Carol Hermanowski v. Merck & Co., Inc., et al.*, Civil Action No. 2:21-cv-01276 |
| *Pamela Brower v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-01268 | *Audrey Johnson v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-01277 |
| *Linda Caudle and William Caudle v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv- 01269 | *Donna Johnson v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-04342 |
| *Ernest Charles v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-00977 | *Katherine Jones and Theodore Jones v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-01878 |
| *Midge Deverin and Bernard Deverin v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-01270 | *Deborah King-Kzaley and Robert Kzaley v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-01278 |
| *Marcia Federico v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv-01271 | *Harry Krause and Karen Krause v. Merck & Co., Inc., et al.*,<br>Civil Action No. 2:21-cv- 00978 |

| | |
|---|---|
| *Elaine Levin v. Merck & Co., Inc., et al.,* Civil Action No. 2:22-cv-00140 | *Carol Parker v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-03550 |
| *Nina Lociero-Scala and Daniel Scala v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-05493 | *Lori Petersen and Kent Petersen v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv- 03004 |
| *Enoc Lopez and Judith Burgos v. Merck & Co., Inc., et al.,* Civil Action No. 2:22-cv- 01036 | *Lisa Reeves and Paul Fasseel v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv- 00976 |
| *Michael Marburger and Sharron Marburger v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-03928 | *Joel Sinden v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-04345 |
| *Kim Holben, as Executor of the Estate of Joyce Marquardt (deceased) v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-05497 | *Verna Srnick and Peter Srnick v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv- 01281 |
| *Nancy Marr and Ethan Marr v. Merck & Co., Inc., et al.,* Civil Action No. 2:22-cv-00141 | *Regina Thompson v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-01282 |
| *Sandra McBride and David McBride v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-04343 | *Stan Udhiri and Solange de Mendonca Tavares v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-01283 |
| *Walter Milanicz v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-01279 | *Leonard Whitney and Patricia Whitney v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-01284 |
| *Kathleen Mintari v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-01280 | *Carol Withycombe v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv-01285 |
| *Debbie Neil and Johnnie Neil v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv- 04344 | *Pamela Yates and Walter Yates v. Merck & Co., Inc., et al.,* Civil Action No. 2:21-cv- 01286 |

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 491

Bartle, J.                                                    August 8, 2023

       Before the court is the omnibus motion of defendants
Merck & Co., Inc. and Merck Sharp & Dohme LLC ("Merck") to
dismiss without prejudice 42 actions in this MDL for
insufficient service of process under Rule 12(b)(5) of the
Federal Rules of Civil Procedure.  Merck maintains that

plaintiffs failed timely to effect service of the complaints in accordance with Rule 4(m) of the Federal Rules of Civil Procedure (Doc. # 1216).  These actions were all filed by one law firm.  Plaintiffs have countered with a motion for extension of time to make service (Doc. # 1218).

These 42 cases were filed between March 1, 2021 and March 18, 2022.  Merck had notice of these filings shortly after they were docketed, and counsel to Merck entered an appearance in each.  Service of process, however, had still not been made as of June 9, 2023.  On that date, counsel for Merck wrote to plaintiffs' counsel identifying 43 cases[1] where service had not been made during the 90-day period required under Rule 4(m).  Merck's counsel asked plaintiffs' counsel to advise him by June 16, 2023 "whether you believe some circumstance exists in any of these cases that constitutes good cause to extend the time for service, and, if so, what that circumstance is."  Failure to provide good cause, Merck's counsel continued, would result in the filing of motions to dismiss.

Plaintiffs' counsel responded that she had been under the impression that the cases had been properly served but upon investigation learned that they had not.  She acknowledged that "inadvertence of counsel" does not constitute good cause but

---

1.  One of the 43 cases has now been dismissed and is not in dispute here.

argued that good cause is not necessary for the court to exercise its discretion to grant an extension of time.  Among other arguments, she referenced the fact that Merck knew about the actions when they were filed and waited for up to more than two years to raise the issue.  Some of the plaintiffs, she maintains, will be prejudiced because the statute of limitations may have expired while Merck will suffer no prejudice.  Within days after receiving the June 9 letter, plaintiffs' counsel effected service in all 42 actions.  Merck's pending motion to dismiss followed shortly thereafter on July 7, 2023 as did plaintiffs' motion for an extension of time for service.

The cases in this MDL are divided into three categories.  Group A consisted of some 1,195 cases where service had been made and plaintiffs claimed that the sole injury suffered was contracting shingles after being injected with the Zostavax vaccine.  Group C are the cases involving hearing loss. Group B represents the remaining cases where other injuries are alleged.  Of the 42 subject cases, 34 fall under Group A while the remaining eight fit into Group B.[2]

---

2.   Plaintiffs' counsel asserted that 32 of the subject cases were part of Group A, while defendants contended that 36 of them fell into that Group.  The court has reviewed the complaints of the subject cases and determined that in 34 cases plaintiffs allege that they suffered solely from shingles.

Pursuant to procedures worked out with the parties, five Group A Bellwether cases were selected for trial.  Prior to trial, however, the court granted summary judgment in favor of Merck because plaintiffs' expert did not meet the standard under Rules 702 and 703 of the Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).  <u>See In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig.</u>, 579 F. Supp. 3d 675 (E.D. Pa. 2021).  The plaintiffs appealed but shortly thereafter voluntarily dismissed their appeals. On December 6, 2022, the court granted Merck's motion to dismiss the remaining 1,189 Group A cases where service had been made on the ground that plaintiffs were unable to come forward with the necessary proof to establish that the Zostavax vaccine caused them to contract shingles and unable to exclude as a cause the natural activation of the shingles virus already existing in their bodies.  <u>In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig.</u>, MDL No. 2848, 2022 WL 17477553 (E.D. Pa. Dec. 6, 2022), <u>appeal filed</u>, No. 23-1032 (3d Cir. Jan. 13, 2023).  Those dismissals are currently on appeal.

The court's grant of Merck's dismissal motion did not include the 34 Group A cases in issue here.  They were not then before the court because service of process had not been made on Merck.  Plaintiffs concede that these cases are on "the same footing as those cases [which were dismissed]."  Thus, if the

dismissal of the other Group A cases is affirmed on appeal, these 34 cases will likely also be dismissed.

Rule 4(m) provides:

If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In deciding a motion to dismiss for failure to serve a complaint within the prescribed time, our Court of Appeals has explained:

First, the district court should determine whether good cause exists for an extension of time.  If good cause is present, the district court must extend time for service and the inquiry is ended.  If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

Petrucelli v. Bohringer & Ratzinger, 46 F. 3d 1298, 1305 (3d Cir. 1995) (internal citatons and quotations omitted). Good cause "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).  The focus is on plaintiff's reason for not

abiding by the procedural time limits.  Id.  The running of the
statute of limitations does not constitute good cause.
Petrucelli, 46 F.3d at 1306.  Nor by itself does lack of
prejudice to the defendant support good cause.  Id.  Likewise,
as plaintiffs' counsel acknowledges, good cause is not satisfied
by counsel's inadvertence.  See id. at 1307; Gish v. Att'y Gen.
U.S., 604 F. App'x 119, 121 (3rd Cir. 2015).

      The plaintiffs have not shown good cause why service
had not been made in these 42 cases.  The only reason advanced,
as noted above, is inadvertence of counsel.  It was counsel's
impression that service had been made because a member of her
staff had told her so.  Counsel is the captain of the ship, and
the failure of a subordinate to follow directions is not
sufficient to establish good cause.

      The court must now consider whether it should exercise
its discretion to grant plaintiffs' motion for an extension of
time for service.  The salient facts are these.  Plaintiffs'
counsel filed several dozen actions but allowed them to lie in a
state of repose for over one and in some instances for over two
years without making service of process.  Merck was not hiding
or engaging in evasion during this period.  Plaintiffs' counsel
offered no excuse other than inadvertence.  The delay went far
beyond the 90-day time limit in Rule 4(m).  Merck, however, knew
about the filing of all of these actions.  Merck's counsel also

took the affirmative step of entering their appearances in each of these cases within days after they were filed but did nothing more.  Finally, Merck made inquiry of plaintiffs' counsel on June 9, 2023 as to why service had not been effected.  Within days, Plaintiffs' counsel had service of process made in all 42 cases and filed a motion to extend the time of service.

Service of process is not a mere technicality.  On the contrary, it is an important procedural and jurisdictional safeguard.  The burden rests on the plaintiff to accomplish service not whenever the plaintiff gets around to it but in a timely manner as dictated by Rule 4(m).  In addition, the assertion under Rule 12(b)(4) and (5) of the defenses of insufficient process and insufficient service of process must be made either before a responsive pleading is filed or in a responsive pleading.  The idea is that a defendant should raise these defenses promptly.  E.g., Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop., Civ. A. No. 15-6480, 2020 WL 93944, at *4 (E.D. Pa. Jan. 8, 2020).  Rule 12, however, does not deal explicitly with the situation where plaintiff has made no attempt to serve the defendant.

Plaintiffs have not complied with Rule 4(m), and Merck has not complied with the spirit if not the letter of Rule 12. Both sides waited far too long to deal with the service issue. Rule 4(m), however, requires extensions of time for good cause

-8-

and if good cause is not shown, the court has discretion to allow extensions.

Plaintiffs' counsel, once alerted by Merck, acted immediately to effect service and seek an extension of time. The situation here differs from Chiang v. U.S. Small Bus. Admin., 331 F. App'x 113, 115 (3d Cir. 2009), on which Merck relies. The Court of Appeals affirmed the dismissal of the complaint for lack of timely service. There, the defendant gave prompt notice to plaintiff of insufficiency of service of process, but plaintiff procrastinated for four years to perfect process.

The plaintiff relies heavily on the fact that the statute of limitations has now likely run on some of these cases. The court is not unmindful of the consequences if cases are dismissed. On the other hand, statutes of limitations are designed to protect the defendant from stale claims. Waiting for as long as plaintiffs' counsel did without any compelling excuse to consummate service of process in such a large number of cases undermines the force of the statute of limitations argument. McCurdy v. Am. Bd. of Plastic Surgery, 157 F. 3d 191, 196-97 (3d Cir. 1998).

Under the totality of the circumstances, it is the better course to allow service of process to occur and the actions to proceed. While plaintiffs' counsel engaged in undue

delay, Merck also engaged in undue delay.  It not only knew
about these actions when filed but also took the affirmative
step of promptly entering an appearance in each.  Lack of notice
is not a factor here.

The court will exercise its discretion to deny Merck's
motion to dismiss and will allow service to be made.
Plaintiffs' motion to extend the time for service of process
will be granted.[3]  The court, in the interest of judicial
economy, will stay the 34 Group A cases pending a decision by
the Court of Appeals on the other Group A cases.

_____

3.   The court is validating the service of process which took
place in these cases on June 13, 2023.